IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHE NEUKUM,<br><br>                Plaintiff,<br><br>      v.<br><br>INTERNATIONAL RESCUE COMMITTEE, INC.,<br><br>                Defendant. | No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Cathe Neukum ("Plaintiff" or "Ms. Neukum"), by and through her attorneys, The Ottinger Firm, P.C., as and for her Complaint in this action against Defendant International Rescue Committee, Inc. ("Defendant" or "IRC"), alleges upon personal knowledge and upon information and belief as to the matters as follows:

**PRELIMINARY STATEMENT**

1. This is an action by Plaintiff Cathe Neukum brought against Defendant IRC for age discrimination.

2. Ms. Neukum was employed by Defendant for nearly nine years from July 2013 until her wrongful termination on January 10, 2022. During her employment, Ms. Neukum received numerous outstanding performance reviews, and consistently rated highly in her work. Despite her success, IRC terminated Ms. Neukum, a 66-year-old woman, under the pretext of an alleged restructuring, and replaced her with a significantly younger employee. Age bias permeates Defendant's workplace and IRC has a history of terminating older employees in favor of younger

1

individuals, just as it terminated Ms. Neukum because she is 66 years old.

3. The unlawful conduct described herein was committed in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623 and New York law under the New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101 et seq. ("NYCHRL") and New York Executive Code § 296.

## ADMINISTRATIVE PROCEDURES

4. On July 21, 2022, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"). Attached hereto as Exhibit A is a true and correct copy of the confirmation of submission from the NYSDHR. Pursuant to the NYSDHR's work-sharing agreement with the EEOC, the charge was dually filed with both agencies. Pursuant to the EEOC's guidelines, more than 60 days have passed since the filing of her charge prior to the filing of this Complaint. On November 10, 2022, Plaintiff dismissed her complaint with the NYSDHR prior to the commencement of this action.

5. Following the commencement of this action, a copy of this Complaint will be served both on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

6. Any and all other prerequisites to the filing of this suit have been met.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as to Plaintiff's claim for age discrimination under 29 U.S.C. § 623. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are so related to the federal claim for age discrimination that they form part of the same case or

controversy. Plaintiff is an individual residing in NY, New York. Defendant is a corporation existing under the laws of New York with its headquarters at 122 East 42nd Street, New York, New York.  The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's headquarters is in this district.

9. Pursuant to New York City Admin. Code § 8-502(c), Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and Corporation Counsel within ten (10) days of commencing this action.

## THE PARTIES

10. Plaintiff Cathe Neukum is an individual residing in NY, New York. Plaintiff was employed by Defendant from July 2013 to January 10, 2022.

11. Defendant IRC is a not-for-profit corporation formed under the laws of the State of New York with its principal place of business in NY, New York. Defendant exists and operates under the laws of the State of New York.

## STATEMENT OF FACTS

12. Plaintiff was employed by Defendant from July 2013 until her termination on January 10, 2022. Prior to her termination, Ms. Neukum served as IRC's Executive Producer.

13. Ms. Neukum dedicated nearly nine years to IRC. During her employment, Plaintiff received numerous outstanding performance reviews. Her work product was consistently highly rated and her performance reviews for 2020 and 2021 were outstanding. In fact, Ms. Neukum's 2020 performance review included praise from her manager as to her ability to train and nurture "a small network of field content stars, to enable them to give us strong material." Ms. Neukum's review goes on to commend her for a "standout achievement for this year" and stated how her

"innovative program effectively changed the game for field content." As is evidenced by her review, Ms. Neukum was an excellent and innovative employee.

14. Despite her continuous success in her role, Defendant terminated Ms. Neukum on January 10, 2022, alleging her termination was due to restructuring. Notably, no other employee was terminated in connection with Defendant's alleged restructuring. Just two days after her termination, Defendant emailed its employees detailing its newly available position of Associate Director, Content, which IRC dubbed its "Super Producer" role. Coincidentally, the new role was strikingly similar to the duties and expectations of Ms. Neukum's Executive Producer role. Despite this, Defendant failed to afford Ms. Neukum an opportunity to move into the new role. In fact, Defendant later filled the role with an individual, who upon information and belief, is half Ms. Neukum's age.

15. Defendant's workplace is permeated with age bias and IRC has a history of cutting out older employees in favor of younger talent. Of the approximately 75 – 80 employees in the Marketing and Mobilization Department during Ms. Neukum's employment, only approximately six employees were over the age of 40. In fact, over the last several months, Plaintiff witnessed two other employees over the age of 50 separate from their employment with Defendant, only to be replaced with much younger employees. Since mid-2020, Ms. Neukum is informed and thereon believes the Company almost exclusively hired young talent. Ms. Neukum's new boss and Defendant's Senior Director, Vera Leung, was at least 20 – 30 years her junior. This is further evidenced by an internal presentation released by IRC showcasing that its employees' median age was 35, and that 76% of Defendant's staff was younger than 40 years old.

16. Accordingly, Defendant's reason for terminating Ms. Neukum serves as clear pretext to conceal its discriminatory motive to terminate her because of her age. This is further

supported by the fact that no other employee was terminated in connection with the alleged restructuring, and that Defendant hired a significantly younger employee to fill a role remarkably similar to that which Ms. Neukum held.

17. Defendant's actions as articulated above constitute age discrimination in violation of federal and New York state law under the New York City Human Rights Law § 8-107 and N.Y. Exec. Law § 296.

### FIRST CAUSE OF ACTION
### Age Discrimination
### ADEA 29 U.S.C. § 623

18. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

19. The ADEA 29 U.S.C. § 623(a)(1) provides it shall be unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age.

20. Ms. Neukum is a 66-year-old woman and was an employee of IRC at all relevant times.

21. Despite Ms. Neukum's excellent performance throughout her nearly nine-year tenure with Defendant, IRC unexpectedly terminated her on January 10, 2022, claiming her termination was due to an alleged restructuring. Despite Defendant's contention, no other employee was terminated in connection with the alleged restructuring. Moreover, just two days after her termination, Defendant posted a job opening for a strikingly similar Super Producer role with substantially the same responsibilities as Ms. Neukum's role as Executive Producer. In fact, Defendant filled the role with an individual nearly half the age of Ms. Neukum.

22. Defendant has exemplified a history of age bias as is evidenced by its own internal

presentation released in August 2021, showcasing that the median age of employees at the company was 35 years old and that a shocking 76%, or 3/4ths, of its employees were younger than 40 years old, which is 26 years younger than Ms. Neukum.

23. Defendant's discriminatory conduct in terminating Ms. Neukum because of her age as described herein is a violation of the ADEA as codified at 29 U.S.C. § 623.

24. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, for which Plaintiff is entitled an award of damages and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

25. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional distress for which Plaintiff is entitled an award of damages in an amount subject to proof.

26. Plaintiff seeks an award of any such further relief deemed proper by this Court and permitted under the relevant statutes.

**SECOND CAUSE OF ACTION**
**Age Discrimination**
**N.Y.C. Administrative Code § 8-107**

27. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

28. N.Y.C.H.R.L. § 8-107 provides in pertinent part "it shall be an unlawful discriminatory practice [f]or an employer or an employee or agent thereof, because of the actual or perceived…age…of any person…[t]o discharge from employment such person; or…[t]o

discriminate against such person in compensation or in terms, conditions or privileges of employment."

29. Ms. Neukum is a 66-year-old woman and was an employee of IRC at all relevant times.

30. Despite Ms. Neukum's excellent performance throughout her nearly nine-year tenure with Defendant, IRC unexpectedly terminated her on January 10, 2022, claiming her termination was due to an alleged restructuring. Despite Defendant's contention, no other employee was terminated in connection with the alleged restructuring. Moreover, just two days after her termination, Defendant posted a job opening for a strikingly similar Super Producer role with substantially the same responsibilities as Ms. Neukum's role as Executive Producer. In fact, Defendant filled the role with an individual nearly half the age of Ms. Neukum.

31. Defendant has exemplified a history of age bias as is evidenced by its own internal presentation showcasing that the median age of employees at the company was 35 years old and that 76% of its employees were younger than 40 years old, which is 26 years younger than Ms. Neukum.

32. Defendant's discriminatory conduct in terminating Ms. Neukum because of her age as described herein is a violation of the N.Y.C.H.R.L. § 8-107.

33. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, for which Plaintiff is entitled an award of damages and reasonable attorneys' fees and costs pursuant to N.Y. City Admin. Code § 8-502.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional distress for which Plaintiff is entitled an award of damages in an amount subject to proof.

35. Plaintiff seeks an award of any such further relief deemed proper by this Court and permitted under the relevant statutes.

**THIRD CAUSE OF ACTION**
**Age Discrimination**
**N.Y. Executive Law § 296**

36. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

37. N.Y. Exec. § 296(a) provides it shall be an unlawful discriminatory practice for an employer to discriminate against an individual in compensation or in terms, conditions, or privileges of employment because of an individual's age.

38. Ms. Neukum is a 66-year-old woman and was an employee of IRC at all relevant times.

39. Despite Ms. Neukum's excellent performance throughout her nearly nine-year tenure with Defendant, IRC unexpectedly terminated her on January 10, 2022, claiming her termination was due to an alleged restructuring. Despite Defendant's contention, no other employee was terminated in connection with the alleged restructuring. Moreover, just two days after her termination, Defendant posted a job opening for a strikingly similar Super Producer role with substantially the same responsibilities as Ms. Neukum's role as Executive Producer. In fact, Defendant filled the role with an individual nearly half the age of Ms. Neukum.

40. Defendant has exemplified a history of age bias as is evidenced by its own internal presentation showcasing that the median age of employees at the company was 35 years old and

that 76% of its employees were younger than 40 years old, which is 26 years younger than Ms. Neukum.

41. Defendant's discriminatory conduct in terminating Ms. Neukum because of her age as described herein is a violation of the N.Y. Exec. § 296.

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, for which Plaintiff is entitled an award of damages and reasonable attorneys' fees and costs pursuant to N.Y. Exec. § 297(10).

43. Defendant's conduct as articulated above was willful, wanton, oppressive, malicious, and perpetrated with a conscious disregard of Plaintiff's rights under New York law. Defendant had actual knowledge of the risk of harm to Plaintiff and in the face of that knowledge, failed to take steps it knew would reduce or eliminate the risk of harm. Accordingly, Plaintiff is entitled to an award of punitive damages under N.Y. Exec. § 297(9).

44. Plaintiff seeks an award of any such further relief deemed proper by this Court and permitted under the relevant statutes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

B. Order Defendants to reinstate Plaintiff to a position comparable to her former position or, in lieu of reinstatement, award her front pay including benefits;

C. Award to Plaintiff damages for emotional distress;

D. Award to Plaintiff compensatory damages;

E. Award to Plaintiff punitive damages;

F.       Award to Plaintiff liquidated damages incurred in connection with this action;

G.       Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

H.       Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated: November 17, 2022
New York, New York

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: /s/ Robert Ottinger
Robert Ottinger
79 Madison Avenue
New York, NY 10016
Tel: (347) 492-1904
robert@ottingerlaw.com

*Attorneys for Plaintiff*